UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHANIE MUSIC,

        Plaintiff,                     Case No. 4:22-cv-12669
                                              District Judge Shalina D. Kumar
v.                                                Magistrate Judge Anthony P. Patti

KANYE WEST,

        Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT (ECF No. 1)

**I.**     **RECOMMENDATION**: The Court should **DISMISS** Plaintiff's complaint (ECF No. 1), because it fails to comply with Fed. R. Civ. P. 8(a) and, thus, "fails to state a claim on which relief may be granted[.]" 28 U.S.C. §§ 1915(e)(2)(B)(ii).

**II.**     **REPORT:**

    **A.**     **Background**

On November 4, 2022, Stephanie Music filed this *pro se* complaint against Kanye West, who is identified as the "Founding Father Roc Nation Rocafella." (ECF No. 1, PageID.1-2.)[1] On March 15, 2023, Judge Kumar granted Plaintiff's

---

[1] On October 4, 2022, one month prior to initiating the instant lawsuit, Stephanie L. Music – who, like the instant Plaintiff has 15941 Fairfield as an address of record – filed a separate lawsuit against multiple Defendants; however, it was dismissed without prejudice on February 7, 2023. *See Music v. Conley, et al.*, Case No. 2:22-cv-12348-DPH-KGA (E.D. Mich.)

application to proceed without prepaying fees or costs. (ECF No. 5.) At the same time, Judge Kumar referred this case to me for, *inter alia*, "the screening of the complaint to determine if it should be summarily dismissed under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a) . . . ." (ECF No. 6.) These statutes require the Court to "dismiss the case at any time if the court determines that . . . the action" is "frivolous or malicious[,]" "fails to state a claim on which relief may be granted[,]" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii); *see also* 28 U.S.C. § 1915A(b)(1-2).

### B. Discussion

Complaints by non-prisoners should be screened under 28 U.S.C. § 1915(e)(2)(B). *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) ("Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2)."). *See also Dillard v. Michigan*, No. 1:21-CV-11257, 2022 WL 125523, at *2 (E.D. Mich. Jan. 12, 2022) (Ludington, J.) (*quoting In re Prison Litig. Reform Act*).

Upon consideration, the Court should dismiss this matter, because the complaint fails to comply with Fed. R. Civ. P. 8(a) ("Claim for Relief."). Preliminarily, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction, unless the court

already has jurisdiction and the claim needs no new jurisdictional support[.]" Fed. R. Civ. P. 8(a)(1). Although Plaintiff only checks "federal question" as a basis for jurisdiction, she also lists her citizenship as Michigan and Defendant's as California. (ECF No. 1, PageID.3-5.) *See also* 28 U.S.C. §§ 1331, 1332. Problematically, she does not list the basis for federal question jurisdiction; as for jurisdiction based on diversity of citizenship, she does not provide an amount in controversy. (*Id.*, PageID.3-5.) As a result, the complaint does not comply with Fed. R. Civ. P. 8(a)(1).

A pleading that states a claim for relief must also contain "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3). Plaintiff uses a form complaint, which has a section labeled "Relief" and specifically directs to "[s]tate briefly and precisely what damages or other relief the plaintiff asks the court to order." (ECF No. 1, PageID.6.) She leaves this section blank and, thus, has failed to comply with Fed. R. Civ. P. 8(a)(3).

Finally, a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). As the Supreme Court has instructed:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *[Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)]*, the pleading standard Rule 8

3

>announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009) (internal citations omitted). The Supreme Court further stated:

>To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (internal citations omitted). Here, Plaintiff's "statement of claim" states, <u>in total</u>: **"Defendant is holding a promised industry coat needs rights to from the founding father."** (ECF No. 1, PageID.5 (emphasis added).) This one-line statement tenders a "naked assertion" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678. Not even Plaintiff's civil cover sheet, which describes the nature of suit as "other contract" and which provides a "brief description of cause" as "recovery of a[n] industry coat from founding father[,]" (ECF No. 1, PageID.8), helps to color-in-the-blanks. Indeed, the single substantive sentence pleaded makes no sense. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.

1999) (where plaintiff is neither a prisoner nor proceeding *in forma pauperis*, "implausible, attenuated, unsubstantial" claims may be dismissed "*sua sponte …* for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure"); *Nietzke v. Williams*, 490 U.S. 319, 327-28 (1989) (Factual frivolousness includes allegations that are "clearly baseless," "fantastic," or "delusional.").

### C. Conclusion

For the reasons stated above, Plaintiff's complaint fails to comply with Fed. R. Civ. P. 8(a); thus, the pleading "fails to state a claim on which relief may be granted[.]" 28 U.S.C. §§ 1915(e)(2)(B)(ii).  Accordingly, the Court should **DISMISS** Plaintiff's complaint (ECF No. 1).

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health &*

*Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: March 16, 2023

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 16, 2023, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager

6